Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:      (916) 447-8336
E-Mail:          mark@markmerin.com
                      paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF F█████ R███████
and LORI ROSILES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF F█████ R███████ and LORI ROSILES, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

10-year-old F█████ R███████ was shot in the abdomen while inside of his relatives' home. Relatives attempted to call 9-1-1 but had difficulty speaking to a dispatcher. Relatives placed F█████ R███████ in a vehicle for immediate transport to a hospital, which was only a few minutes away from the residence. Before the vehicle could leave, a patrol vehicle driven by YUBA COUNTY SHERIFF'S OFFICE's deputies arrived, blocked the vehicle from leaving, and prevented F█████ R███████'s transport to the hospital. The deputies dragged F█████ R███████ from the vehicle, refused to provide medical aid, prevented others from providing medical aid, and left F█████ R███████ on the ground for 15 minutes, until an ambulance arrived. As a result, F█████ R███████ died.

**JURISDICTION & VENUE**

1.      This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Eastern District of California Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the State of California, County of Yuba.

**EXHAUSTION**

4.      On February 17, 2023, the ESTATE OF R██████ R██████████ and LORI ROSILES submitted a government claim relating to the claims asserted in this action to the COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE, pursuant to California Government Code section 910 *et seq.*

5.      On March 1, 2023, the ESTATE OF R██████ R██████████ and LORI ROSILES submitted an amended government claim relating to the claims asserted in this action to the COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE, pursuant to California Government Code section 910.6.

6.      On March 10, 2023, the ESTATE OF R██████ R██████████ and LORI ROSILES submitted a second amended government claim relating to the claims asserted in this action to the COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE, pursuant to California Government Code section 910.6.

7.      On April 17, 2023, the COUNTY OF YUBA rejected the government claim, pursuant to California Government Code section 913.

8.      By April 27, 2023, the YUBA COUNTY SHERIFF'S OFFICE failed or refused to act on the government claim, pursuant to California Government Code section 912.4.

2

**PARTIES**

9.      Plaintiff ESTATE OF F▮▮▮▮ R▮▮▮▮▮▮ appears by and through real-party-in-interest Plaintiff LORI ROSILES, the biological mother of F▮▮▮▮ R▮▮▮▮▮▮, who brings this action pursuant to California Code of Civil Procedure section 377.30. Plaintiff LORI ROSILES brings this action as a successor-in-interest on behalf of the decedent F▮▮▮▮ R▮▮▮▮▮ Plaintiff LORI ROSILES's declaration relating to her status as F▮▮▮▮ R▮▮▮▮▮▮'s successor-in-interest is attached hereto, pursuant to California Code of Civil Procedure section 377.32.

10.     Plaintiff LORI ROSILES is a resident of the State of California, County of Yuba. Plaintiff LORI ROSILES brings this action: (a) in a representative capacity, as a successor-in-interest to F▮▮▮ R▮▮▮▮▮ and on behalf of Plaintiff ESTATE OF F▮▮▮ R▮▮▮▮▮▮; and (b) in an individual capacity, on behalf of herself. Plaintiff LORI ROSILES is the biological mother of F▮▮▮ R▮▮, and an heir to his estate under California law.

11.     Defendant COUNTY OF YUBA is located in the State of California. Defendant COUNTY OF YUBA is a "public entity," pursuant to California Government Code section 811.2.

12.     Defendant YUBA COUNTY SHERIFF'S OFFICE is located in the State of California, County of YUBA. Defendant YUBA COUNTY SHERIFF'S OFFICE is a "public entity," pursuant to California Government Code section 811.2.

13.     Defendants DOE 1 to 10 are and/or were agents or employees of Defendants COUNTY OF YUBA and/or YUBA COUNTY SHERIFF'S OFFICE, acting under color of state law and within the scope of agency or employment. Defendants DOE 1 to 10 are sued by fictitious names, where their true and correct identities will be substituted when ascertained.

**GENERAL ALLEGATIONS**

14.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

15.     F▮▮▮ R▮▮▮▮▮▮ was 10-years-old when he died on February 5, 2023.

16.     On February 5, 2023, in the evening, F▮▮▮ R▮▮▮▮ was inside of his relatives' residence located at 5717 Alicia Avenue, Olivehurst, CA 95961.

17.     F▮▮▮ R▮▮▮▮▮ was shot in the abdomen with a bullet.

3

18.     F███ R█████ sustained a gunshot wound which constituted a physical impairment which substantially limited one or more major life activities, including, but not limited to, caring for oneself, performing manual tasks, walking, standing, lifting, speaking, concentrating, thinking, and communicating.

19.     F███ R█████'s relatives repeatedly attempted to call 9-1-1 but were unable to get through, until the third attempt at which time the dispatcher informed the caller that an ambulance would be dispatched.

20.     Meanwhile, residents readied a vehicle to transport F███ R█████ to the hospital, which was a few minutes away from the residence.

21.     When the ambulance did not arrive after a short while, F███ R█████ was placed, prone, into the backseat of a pickup truck to be driven to the hospital.

22.     Just as the vehicle was about to depart for the hospital, several patrol vehicles occupied by Defendant YUBA COUNTY SHERIFF'S OFFICE's deputy sheriffs, including Defendants DOE 1 to 10, arrived at the residence.

23.     Defendants DOE 1 to 10's patrol vehicles surrounded the pickup truck and were parked in a manner which intentionally blocked the pickup truck in which F███ R█████ was to be transported to the hospital.

24.     Defendants DOE 1 to 10's patrol vehicles prevented F███ R█████ from being transported to the hospital.

25.     Defendants DOE 1 to 10 pointed firearms at the pickup truck and the driver of the pickup truck.

26.     F███ R█████'s relatives and nearby residents pleaded with Defendants DOE 1 to 10 to move the patrol vehicles and permit F███ R█████ to be transported to the hospital.

27.     Defendants DOE 1 to 10 ignored and refused the pleas.

28.     Defendants DOE 1 to 10 dragged F███ R█████ from the pickup truck and laid him on the ground, in a puddle of water.

29.     Defendants DOE 1 to 10 detained the driver of the pickup truck at gunpoint.

30.     Defendants DOE 1 to 10 were more concerned with investigating the circumstances of

4

1    █████ R████████ being shot than they were in getting him emergency care.

2         31.    Defendants DOE 1 to 10 did not provide any emergency medical assistance to █████

3    ████████, despite the obvious need for immediate care resulting from the gunshot wound.

4         32.    Defendants DOE 1 to 10 prevented anyone at the scene, including relatives, from either

5    providing emergency assistance to or transporting █████ R████████ to the nearby hospital.

6         33.    Defendants DOE 1 to 10 failed to render appropriate medical care/first aid techniques,

7    including those required by California Peace Officer Standards and Training ("POST") learning domains

8    and Defendant YUBA COUNTY SHERIFF'S OFFICE policies, procedures, and general orders. For

9    example, Defendants DOE 1 to 10's actions were inconsistent with POST Learning Domain 34 ("First

10   Aid, CPR, and AED"); and Yuba County Sheriff's Office Policy 430 ("Medical Aid and Response").

11        34.    █████ R████████'s mother, Plaintiff LORI ROSILES, arrived home from work

12   during the incident but was prevented by Defendants DOE 1 to 10 from coming near where █████

13   R████████ was lying on the ground.

14        35.    █████ R████████ lay on the ground for at least 15 minutes.

15        36.    Defendants DOE 1 to 10 delayed █████ R████████'s transport to the hospital where

16   he could receive emergency treatment.

17        37.    Eventually, an ambulance arrived at the scene.

18        38.    The ambulance attendants loaded █████ R████████ into the ambulance and

19   transported him to the hospital.

20        39.    At 8:16 p.m., █████ R████████ was pronounced dead.

21        40.    █████ R████████'s family was not permitted to see him, after he arrived at the

22   hospital.

23        41.    █████ R████████'s family was led to believe that hospital staff were attempting to

24   stabilize █████ R████████ for life-flight to U.C. Davis Medical Center.

25        42.    █████ R████████'s family waited in the parking lot of the hospital for news about

26   █████ R████████'s status, unaware that he was already dead.

27        43.    Defendants DOE 1 to 10 searched the home at which █████ R████████ had been

28   shot, after █████ R████████'s family left to the hospital.

5

44.     At about 11:00 p.m., F██████ R███████████'s family were informed he had died.

45.     Defendants DOE 1 to 10's critical delay in transport to the hospital resulted in F███ R██████████'s death.

## POLICY AND CUSTOM ALLEGATIONS

### Transport Policy

46.     Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE maintain Yuba County Sheriff's Office Policy 430.4 ("Transporting Ill and Injured Persons"), which provides:

> Except in extraordinary cases where alternatives are not reasonably available, members should not transport persons who are unconscious, who have serious injuries or who may be seriously ill. EMS personnel should be called to handle patient transportation. [¶] Deputies should search any person who is in custody before releasing that person to EMS for transport. [¶] A deputy should accompany any person in custody during transport in an ambulance when requested by EMS personnel, when it reasonably appears necessary to provide security, when it is necessary for investigative purposes or when so directed by a supervisor. [¶] Members should not provide emergency escort for medical transport or civilian vehicles.

47.     Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE and their personnel, including Defendants DOE 1 to 10, utilize and enforce Policy 430.4 to preclude the transport of persons who have serious injuries requiring immediate medical care in civilian vehicles by deputies or others.

48.     Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE's utilization and enforcement of Policy 430.4 was the moving force behind Defendants DOE 1 to 10's denial of F██████ R███████████'s timely transport to the hospital and resulted in critical delay in his receipt of medical care.

49.     Defendants DOE 1 to 10's actions and inactions in delaying F██████ R████████'s timely transport to the hospital were consistent and compliant with Policy 430.4.

### Inadequate Transport and Medical Care Policies, Procedures, and Training

50.     Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE failed to promulgate specific policies and customs and to train personnel in the application of necessary policies, including those prescribed by California Peace Officer Standards and Training ("POST") Learning Domain 34 ("First Aid, CPR, and AED"). For example, Defendants COUNTY OF YUBA and YUBA

6

COUNTY SHERIFF'S OFFICE failed adequately to train personnel in critical and life-threatening areas, including:

(a)   how and when to transport persons who are unconscious, who have serious injuries, or who may be seriously ill, including in official vehicles;

(b)   how and when to permit others, including civilians, to transport persons who are unconscious, who have serious injuries, or who may be seriously ill, including in civilian vehicles;

(c)   how and when safely to move and ambulate persons who are unconscious, who have serious injuries, or who may be seriously ill;

(d)   how and when to provide emergency medical assistance to persons who are unconscious, who have serious injuries, or who may be seriously ill;

(e)   how and when to permit others, including civilians, to provide emergency medical assistance to persons who are unconscious, who have serious injuries, or who may be seriously ill; and/or

(f)   how and when to recognize and provide reasonable accommodate persons who are unconscious, who have serious injuries, or who may be seriously ill.

51.   Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE and their personnel, including Defendants DOE 1 to 10, exhibited a pattern of indifference to █████ R███'s serious medical need, including violations of Yuba County Sheriff's Office Policy 430 ("Medical Aid and Response"), reflecting Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE's standard operating procedure, as demonstrated by:

(a)   Defendants DOE 1 to 10's actions and inactions resulted in multiple harms over an extended period of time, including: (i) blocking and preventing █████ R██████ from being transported to the hospital; (ii) ignoring and refusing █████ R██████'s relatives' pleas to transport him to the hospital; (iii) dragging █████ R██████ from the pickup truck and laying him on the ground, in a puddle of water; (iv) detaining the driver of the pickup truck; (v) failing to provide emergency medical assistance to █████ R██████; and (vi) preventing others at the scene from either providing emergency assistance to or transporting █████ R██████ to the hospital.

(b)   Defendants DOE 1 to 10's actions and inactions that occurred in an area open to public observation.

(c)     Defendants DOE 1 to 10's actions and inactions involving multiple officials.

(d)     Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE's actions and inactions in failing to hold Defendants DOE 1 to 10 accountable for injuries to ███████ R██████.

52.     Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of deficient policies or customs, including Policy 430 ("Medical Aid and Response") and Policy 430.4 ("Transporting Ill and Injured Persons"), because the inadequacies of the policies, procedures, and training constituted life-threatening decisions and were so obvious and likely to result in the violation of rights of persons coming into contact with officials.

53.     Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE's inadequate policies, procedures, and training did proximately cause violation of rights of persons coming into contact with officials, including the death of ██████ R██████.

## FIRST CLAIM

### State-Created Danger

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

54.     Plaintiff ESTATE OF ██████ R██████████ (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

55.     The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

56.     Defendants DOE 1 to 10 affirmatively placed ██████ R███████████ in danger by acting with deliberate indifference to a known or obvious danger, including preventing and delaying █████ ███████████'s transport to a hospital and access to medical care after he had sustained a gunshot wound, in violation of the Fourteenth Amendment to the U.S. Constitution.

57.     Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE maintained policies or customs of action and inaction and knew or should have known that personnel under their command were inadequately trained, supervised, or disciplined resulting from either the lack

of proper training, pursuant to policy, or the result of the lack of policy, in violation of the Fourteenth Amendment to the U.S. Constitution.

58.    Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

59.    ████ R████ was injured as a direct and proximate result of Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF ████ R████ to receive compensatory damages against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff ESTATE OF ████ R████ prays for relief as hereunder appears.

## SECOND CLAIM

### Special Relationship

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

60.    Plaintiff ESTATE OF ████ R████ (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

61.    The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

62.    Defendants DOE 1 to 10 restrained ████ R████'s liberty and prevented Plaintiff LORI ROSILES from caring for his basic needs, including preventing and delaying ████ R████'s transport to a hospital and access to medical care after he had sustained a gunshot wound, in violation of the Fourteenth Amendment to the U.S. Constitution.

63.    Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE maintained policies or customs of action and inaction and knew or should have known that personnel under their command were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, in violation of the Fourteenth Amendment to the U.S. Constitution.

9

64.     Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

65.     █████ R█████████ was injured as a direct and proximate result of Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF F█████ R█████████ to receive compensatory damages against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff ESTATE OF F█████ R█████████ prays for relief as hereunder appears.

### THIRD CLAIM

**Unreasonable Post-Seizure Care / Bodily Integrity**

**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

66.     Plaintiff ESTATE OF F█████ R█████████ (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

67.     The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

68.     Defendants DOE 1 to 10 failed to provide F█████ R█████████ with reasonable care, including preventing and delaying F█████ R█████████'s transport to a hospital and access to medical care after he had sustained a gunshot wound, in violation of the Fourth Amendment to the U.S. Constitution.

69.     Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE maintained policies or customs of action and inaction and knew or should have known that personnel under their command were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, in violation of the Fourth Amendment to the U.S. Constitution.

70.     Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

10

71.   F████ R██████ was injured as a direct and proximate result of Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF F████ R██████ to receive compensatory damages against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff ESTATE OF F████ R██████ prays for relief as hereunder appears.

### FOURTH CLAIM

### Section 504 of the Rehabilitation Act

### (29 U.S.C. § 701, *et seq.*)

72.   Plaintiff ESTATE OF F████ R██████ (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE.

73.   The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

74.   Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE receive federal financial assistance. F████ R██████ had an impairment which substantially limited one or more major life activities.

75.   Defendants DOE 1 to 10 failed reasonably to accommodate F████ R██████'s disability and impairment, where a reasonable accommodation was available, including: (a) by transporting F████ R██████ to the hospital; (b) by permitting others to transport F████ R██████ to the hospital; (c) by not dragging F████ R██████ from the pickup truck; (d) by not laying F████ R██████ on the ground, in a puddle of water; (e) by providing emergency medical assistance to F████ R██████; and (f) by not preventing others from providing emergency assistance to F████ R██████, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

76.   Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE

11

maintained policies or customs of action and inaction which failed reasonably to accommodate ██ R██████'s disability and impairment, where a reasonable accommodation was available, including: (a) by permitting personnel to transport persons who have serious injuries requiring immediate medical care; (b) by permitting personnel to allow others to transport persons who have serious injuries requiring immediate medical care; (c) by requiring personnel to provide emergency medical assistance to persons who have serious injuries requiring immediate medical care; and (d) by permitting personnel to allow others to provide emergency medical assistance to persons who have serious injuries requiring immediate medical care, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

77.     ██ R██████ was injured as a direct and proximate result of Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF ██ R██████ to receive compensatory and nominal damages against Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE.

WHEREFORE, Plaintiff ESTATE OF ██ R██████ prays for relief as hereunder appears.

### FIFTH CLAIM

**Title II of the Americans with Disabilities Act**

**(42 U.S.C. § 12101, *et seq.*)**

78.     Plaintiff ESTATE OF ██ R██████ (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE.

79.     The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE receive federal financial assistance. ██ R██████ had an impairment which substantially limited one or more major life activities.

80.     Defendants DOE 1 to 10 failed reasonably to accommodate ██ R██████'s

12

disability and impairment, where a reasonable accommodation was available, including: (a) by transporting ███ ████ to the hospital; (b) by permitting others to transport █ █████ to the hospital; (c) by not dragging ███ ████ from the pickup truck; (d) by not laying ███ ████ on the ground, in a puddle of water; (e) by providing emergency medical assistance to ███ ████; and (f) by not preventing others from providing emergency assistance to ███ ████, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

81.    Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE maintained policies or customs of action and inaction which failed reasonably to accommodate █ █████'s disability and impairment, where a reasonable accommodation was available, including: (a) by permitting personnel to transport persons who have serious injuries requiring immediate medical care; (b) by permitting personnel to allow others to transport persons who have serious injuries requiring immediate medical care; (c) by requiring personnel to provide emergency medical assistance to persons who have serious injuries requiring immediate medical care; and (d) by permitting personnel to allow others to provide emergency medical assistance to persons who have serious injuries requiring immediate medical care, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

82.    ███ ████ was injured as a direct and proximate result of Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF ███ ████ to receive compensatory and nominal damages against Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE.

WHEREFORE, Plaintiff ESTATE OF ███ ████ prays for relief as hereunder appears.

### SIXTH CLAIM

**Unwarranted Interference with Familial Association**

**(U.S. Const. Amend. XIV; 42 U.S.C. § 1983)**

83.    Plaintiff LORI ROSILES asserts this Claim against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

84.   The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

85.   Plaintiff LORI ROSILES shared a close relationship and special bond with F█████ R█████████, her biological son, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close parent-child familial relationship.

86.   Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10 caused the termination of and interference with Plaintiff LORI ROSILES's familial relationship with F█████ R█████████, including preventing and delaying F██████ R██████████'s transport to a hospital and access to medical care after he had sustained a gunshot wound, in the violation the Fourteenth Amendment to the U.S. Constitution.

87.   Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

88.   Plaintiff LORI ROSILES was injured as a direct and proximate result of Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10's actions and inactions, entitling her to receive compensatory damages against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff LORI ROSILES prays for relief as hereunder appears.

## SEVENTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. I; 42 U.S.C. § 1983)

89.   Plaintiff LORI ROSILES asserts this Claim against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

90.   The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

91.   Plaintiff LORI ROSILES shared a close relationship and special bond with F█████ R█████████, her biological son, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close parent-child familial relationship.

14

92.     Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10 caused the termination of and interference with Plaintiff LORI ROSILES's familial relationship with ██████ R███████████, including preventing and delaying ██████ R███████████'s transport to a hospital and access to medical care after he had sustained a gunshot wound, in the violation the First Amendment to the U.S. Constitution.

93.     Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

94.     Plaintiff LORI ROSILES was injured as a direct and proximate result of Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10's actions and inactions, entitling her to receive compensatory damages against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10

WHEREFORE, Plaintiff LORI ROSILES prays for relief as hereunder appears.

## EIGHTH CLAIM

### Unreasonable Care / Bodily Integrity

### (Cal. Const. Art. I § 13)

95.     Plaintiff ESTATE OF ██████ R███████████ (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

96.     The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

97.     Defendants DOE 1 to 10 failed to provide ██████ R███████████ with reasonable care, including preventing and delaying ██████ R███████████'s transport to a hospital and access to medical care after he had sustained a gunshot wound, in violation of Article I, Section 13 of the California Constitution.

98.     Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE maintained policies or customs of action and inaction and knew or should have known that personnel under their command were inadequately trained, supervised, or disciplined resulting from either the lack

of proper training, pursuant to policy, or the result of the lack of policy, in violation of Article I, Section 13 of the California Constitution.

99.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 10.

100.     Defendants DOE 1 o 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

101.     F█████ R██████████ was injured as a direct and proximate result of Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF F█████ R██████████ to receive compensatory damages against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff ESTATE OF F█████ R██████████ prays for relief as hereunder appears.

## NINTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

102.     Plaintiff ESTATE OF F█████ R██████████ (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

103.     The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

### State-Created Danger

104.     Defendants DOE 1 to 10 affirmatively placed F█████ R██████████ in danger by acting with deliberate indifference to a known or obvious danger, including preventing and delaying F█████ R██████████'s transport to a hospital and access to medical care after he had sustained a gunshot wound, in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 7(a) of

16

the California Constitution.

105.    Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE maintained policies or customs of action and inaction and knew or should have known that personnel under their command were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, with deliberate indifference or reckless disregard, in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

Special Relationship

106.    Defendants DOE 1 to 10 restrained ███████ R███████████'s liberty and prevented Plaintiff LORI ROSILES from caring for his basic needs, including preventing and delaying R███ R███████'s transport to a hospital and access to medical care after he had sustained a gunshot wound, in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

107.    Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE maintained policies or customs of action and inaction and knew or should have known that personnel under their command were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, with deliberate indifference or reckless disregard, in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

Unreasonable Care / Bodily Integrity

108.    Defendants DOE 1 to 10 failed to provide ███████ K R███████ with reasonable care, including preventing and delaying R███████ R███████'s transport to a hospital and access to medical care after he had sustained a gunshot wound, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

109.    Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE maintained policies or customs of action and inaction and knew or should have known that personnel under their command were inadequately trained, supervised, or disciplined resulting from either the lack

17

of proper training, pursuant to policy, or the result of the lack of policy, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

<u>Section 504 of the Rehabilitation Act & Title II of the Americans with Disabilities Act</u>

110.    Defendants DOE 1 to 10 failed reasonably to accommodate ██████ R█████████'s disability and impairment, where a reasonable accommodation was available, including: (a) by transporting ██████ R█████████ to the hospital; (b) by permitting others to transport ██ R█████████ to the hospital; (c) by not dragging ██████ R█████████ from the pickup truck; (d) by not laying ██████ R█████████ on the ground, in a puddle of water; (e) by providing emergency medical assistance to ██████ R█████████; and (f) by not preventing others from providing emergency assistance to ██████ R█████████, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

111.    Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE maintained policies or customs of action and inaction which failed reasonably to accommodate ██ R█████████'s disability and impairment, where a reasonable accommodation was available, including: (a) by permitting personnel to transport persons who have serious injuries requiring immediate medical care; (b) by permitting personnel to allow others to transport persons who have serious injuries requiring immediate medical care; (c) by requiring personnel to provide emergency medical assistance to persons who have serious injuries requiring immediate medical care; and (d) by permitting personnel to allow others to provide emergency medical assistance to persons who have serious injuries requiring immediate medical care, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

<u>Common Allegations</u>

112.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 10.

18

113.    Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

114.    F████ R████████ was injured as a direct and proximate result Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF F████ R████ to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff ESTATE OF F████ R████████ prays for relief as hereunder appears.

## TENTH CLAIM

### Intentional Infliction of Emotional Distress

115.    Plaintiffs ESTATE OF F████ R████████ (pursuant to California Code of Civil Procedure section 377.30) and LORI ROSILES assert this Claim against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

116.    The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

117.    Defendants DOE 1 to 10 engaged in outrageous conduct, with intent or reckless disregard of the probability that F████ R████████ and Plaintiff LORI ROSILES would suffer emotional distress and they did suffer severe emotional distress, including by blocking and preventing F████ R████████ from being transported to the hospital; ignoring and refusing F████ R████████'s relatives' pleas to transport him to the hospital; dragging F████ R████████ from the pickup truck and laying him on the ground, in a puddle of water; detaining the driver of the pickup truck; failing to provide emergency medical assistance to F████ R████████; preventing others at the scene from either providing emergency assistance to or transporting F████ R████████ to the hospital; and by violating training and safety procedures, including POST Learning Domain 34 ("First Aid, CPR, and AED") and Yuba County Sheriff's Office Policy 430 ("Medical Aid and Response").

118.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to

19

California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 10.

119. Defendants DOE 1 o 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

120. F███ R████████ and Plaintiff LORI ROSILES were injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling Plaintiffs ESTATE OF F███ R████████ and LORI ROSILES to receive compensatory damages against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiffs ESTATE OF F███ R████████ and LORI ROSILES pray for relief as hereunder appears.

## ELEVENTH CLAIM

### Negligence

121. Plaintiffs ESTATE OF F███ R████████ (pursuant to California Code of Civil Procedure section 377.30) and LORI ROSILES asserts this Claim against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

122. The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

123. Defendants DOE 1 to 10 owed a duty of care to F███ R████████ and Plaintiff LORI ROSILES and breached that duty, including by failing to prevent foreseeable harm to F███ R████████ and Plaintiff LORI ROSILES; by blocking and preventing F███ R████████ from being transported to the hospital; ignoring and refusing F███ R████████'s relatives' pleas to transport him to the hospital; dragging F███ R████████ from the pickup truck and laying him on the ground, in a puddle of water; detaining the driver of the pickup truck; failing to provide emergency medical assistance to F███ R████████; preventing others at the scene from either providing emergency assistance to or transporting F███ R████████ to the hospital; and by violating training and safety procedures, including POST Learning Domain 34 ("First Aid, CPR, and AED") and Yuba County Sheriff's Office Policy 430 ("Medical Aid and Response").

124. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 10.

125. Defendants DOE 1 o 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

126. ████ R████████ and Plaintiff LORI ROSILES were injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling Plaintiffs ESTATE OF ████ R████████ and LORI ROSILES to receive compensatory damages against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiffs ESTATE OF ████ R████████ and LORI ROSILES pray for relief as hereunder appears.

## TWELFTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60)

127. Plaintiff LORI ROSILES asserts this Claim against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

128. The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

129. Defendants DOE 1 to 10 caused ████ R████████'s death by wrongful act and neglect, including by failing to prevent foreseeable harm to ████ R████████; by blocking and preventing ████ R████████ from being transported to the hospital; ignoring and refusing ████ R████████'s relatives' pleas to transport him to the hospital; dragging ████ R████████ from the pickup truck and laying him on the ground, in a puddle of water; detaining the driver of the pickup truck; failing to provide emergency medical assistance to ████ R████████; preventing others at the scene from either providing emergency assistance to or transporting ████ R████████ to the hospital; and by violating training and safety procedures, including POST Learning Domain 34 ("First

21

Aid, CPR, and AED") and Yuba County Sheriff's Office Policy 430 ("Medical Aid and Response").

130.    Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE caused F████ R██████'s death by wrongful act and neglect, including by maintaining policies or customs of action and inaction, where they knew or should have known that personnel under their command were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy.

131.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 10.

132.    Defendants DOE 1 o 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

133.    F████ R██████ died as a direct and proximate result of Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10's actions and inactions, entitling Plaintiff LORI ROSILES to receive compensatory damages against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff LORI ROSILES prays for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ESTATE OF F████ R██████ and LORI ROSILES seek Judgment as follows:

1.    For an award of compensatory, general, special, and nominal damages (including survival damages and wrongful death damages under federal and state law) against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10, in excess of $30,000,000, according to proof at trial;

2.    For an award of exemplary/punitive damages against Defendants DOE 1 to 10, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to

22

constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.      For funeral and/or burial expenses;

4.      For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF YUBA, YUBA COUNTY SHERIFF'S OFFICE, and DOE 1 to 10, pursuant to California Civil Code sections 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF YUBA and YUBA COUNTY SHERIFF'S OFFICE, pursuant to California Civil Code section 818);

5.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, California Civil Code section 52.1, California Code of Civil Procedure section 1021.5, and any other statute as may be applicable;

6.      For interest; and

7.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: May 8, 2023                    Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

    Attorneys for Plaintiffs
    ESTATE OF █████ R██████
    and LORI ROSILES

23

### JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF F███ R███ and LORI ROSILES.

Dated: May 8, 2023

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF F███ R███
and LORI ROSILES

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Rosiles v. County of Yuba*, United States District Court, Eastern District of California, Case No. _____